**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action Number:  06-cv-00190-EWN-MEH

ABEL ONTIVEROS, MAGDALENA ONTIVEROS,
JUAN PINEDA, GLORIA PINEDA, ISMAEL GUZMAN, and
LIBERTY MUTUAL FIRE INSURANCE COMPANY,
as subrogee for Abel Ontiveros, Juan F. Pineda, and Isamel
Guzman

      Plaintiffs,

v.

FORD MOTOR COMPANY, a Delaware corporation,

      Defendant.

---

**PROTECTIVE ORDER RE DOCUMENTS AND INFORMATION
PRODUCED BY FORD MOTOR COMPANY**

---

IT IS HEREBY AGREED, by and between Randolph Barnhart, Angela L. Ekker, and

Michael J. McNally of Barnhart, Ekker & McNally, LLP, attorneys for Plaintiffs Abel Ontiveros

and Magdalena Ontiveros,  E. Scott Baroway, attorneys for Plaintiffs Abel Ontiveros and

Magdalena Ontiveros, Geri O'Brien Williams, attorneys for Liberty Mutual Fire Insurance ,

Wesley W. Hoyt and Kenneth M. Platt, attorneys for Plaintiffs Juan Pineda, Gloria Pineda, and

Ismael Guzman ("collectively as Plaintiffs"), and Bryan D. Cross and Edward C. Stewart, of

Wheeler Trigg Kennedy LLP, attorneys for Defendant Ford Motor Company ("Ford"), that in

order to facilitate discovery in the above entitled action, wherein Plaintiffs seek to obtain, inspect

and copy documents and/or things which Ford contends contains proprietary, trade secret and

other confidential information of Ford.  The Court being advised of the agreement of the parties

to the entry of this Protective Order, IT IS HEREBY ORDERED THAT:

## <u>TERMS OF PROTECTIVE ORDER</u>

1.      When used in this Protective Order, the word "documents" means all written material, videotapes, live-action film and all other tangible items, whether produced as hard copy, computer diskette, or CD-ROM.

2.      Ford may designate documents produced in discovery as "Produced By Ford Subject To Protective Order". Said designation shall make such documents and all copies, prints, or other reproductions of such information subject to this Protective Order. All such designated documents produced after the date of this Protective Order shall be clearly stamped or labeled "Produced By Ford Subject To Protective Order" or "Confidential Information."

3.      The documents which Ford shall designate as "Produced By Ford Subject To Protective Order" or "Confidential Information" will be those documents that Ford contends constitute trade secret, proprietary or confidential business (hereinafter, "Confidential Information"). Confidential Information shall include information about the business, products, practices or procedures of Ford and its agents which, in the ordinary course of business, is not voluntarily disclosed to the public, and is not voluntarily disclosed to third persons or entities who do not have a need to know. This information includes confidential and proprietary information, and documents or things which concern, reflect, embody or constitute the foregoing and may include, but shall not be limited to, correspondence, memoranda, notes, deposition transcripts and exhibits, plans, specifications, blueprints, drawings, test reports, test procedures and test manuals.

4.      In the event that Plaintiffs disagree with Ford's designation of any item as confidential and subject to this protective order, they shall send a written notice to counsel of record for Ford identifying the item(s) in question. If it believes the materials in question to have been appropriately designated as confidential, Ford shall then, within 30 days, move for a determination by the Court that the materials in question are to be treated as confidential. Any such motion shall be set at the first available mutually convenient hearing date. Any item(s) in dispute shall continue to be treated as confidential and subject to this protective order until such time as the Court issues its ruling.

5.      All documents that are designated "Produced By Ford Subject To Protective Order" or "Confidential Information" shall be accorded such confidential status until such time as the parties formally agree in writing to the contrary or determination is made by the Court as to such status.

6.      Except as provided for in the paragraphs below, Plaintiffs shall keep all Confidential Information confidential from all persons.

7.      Any documents or information subject to this protective order shall be disclosed only to:

(a)     Counsel of record for the parties in this case, including other members of counsel's law firm and any other counsel associated to assist in the preparation or trial of this case;

(b)     Employees of counsel for each party in this case or associated counsel who assist in the preparation or trial of this case;

(c)     Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Ford;

(d)     The Court, the Court's staff, witnesses, and the jury in this case; and

(e)     Attorneys representing plaintiffs and the experts and consultants retained by plaintiffs in other cases pending against Ford involving a Ford Econoline E-350 12- or 15-passenger van and the same allegations asserted in this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor.

8.      Any materials provided to persons described in paragraph 7(b) shall be subject to such other counsel, experts, and/or consultants agreeing in writing to be bound by this protective order, as well as subject to, and within this Court's jurisdiction for purposes of this confidentiality agreement.  Ford reserves the right to request the identities of the counsel, experts and consultants who are provided with information subject to this protective order.

9.      In the case of the persons described in paragraphs 7(c) and 7(e) above, an agreement acknowledging the Protective Order and agreeing to be bound by same (Exhibit "A" annexed hereto) shall be executed and delivered to, and maintained by, Plaintiffs' counsel, prior to the delivery of said protected documents to the staff personnel, expert or consultant.

10.     All persons described in paragraph 7 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Confidential Information or the fact that such persons have obtained Ford's Confidential Information.

11.     In the event that any document, or the information contained therein, is included with, or the contents thereof are in any way disclosed, in any pleading, motion or other paper filed with the Clerk of the Court, such confidential document or information shall be lodged with the Court with contemporaneous written notice being provided to the party who produced the records.  The party who produced the documents may then file any appropriate motion or application to file the materials under seal.  If the Court appoints a referee, the party requesting the documents be sealed shall pay that referee's entire fee.

12.    To the extent that any Confidential Information is used in the taking of depositions, such portions of such depositions shall be taken only in the presence of those persons identified in paragraph 7 above and the court reporter, and all such Confidential Information shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with the Confidential Information.  At the time any Confidential Information is used in any deposition, the reporter will be informed of this Protective Order and will be required to operate in a manner consistent with this Protective Order, and the reporter shall separately label the confidential portions of the deposition transcript.

13.    This Protective Order shall not apply to the disclosure of Confidential Information at the time of trial through the receipt of documents containing Confidential Information into evidence or through the testimony of witnesses.  The closure of trial proceedings and sealing of the record of a trial involve considerations not presently before the Court.  These issues may be taken up as a separate matter upon the motion of any of the parties at or before the trial.

14.    Upon termination of this lawsuit, by judgment or settlement, the provisions of this Protective Order shall continue to be binding, except with respect to those documents and information that properly become a matter of public record.  This Court retains and shall have jurisdiction over the parties and recipients of the Confidential Information for enforcement of the provisions of this Protective Order following such termination of this lawsuit.  Further, upon such termination of this lawsuit, Plaintiffs' counsel and Plaintiffs' retained experts and consultants shall return to Ford's counsel, at Ford's expense, all documents received under this Protective Order, including all copies and other reproductions of such information in the possession of Plaintiffs, Plaintiffs' counsel or Plaintiffs' retained consultants or experts.  All persons, including counsel, who have received documents subject to this Protective Order, shall execute a declaration (Exhibit "B" annexed hereto) acknowledging that they have complied with the Protective Order and that no copies of documents containing Confidential Information have been retained.  Plaintiffs' counsel shall forward the declarations signed by Plaintiffs' retained experts and consultants who were designated or disclosed during this case to Ford's counsel.  In the case of consultants retained by Plaintiffs' counsel who were not disclosed or designated to Ford, Plaintiffs' counsel will execute and deliver to Ford's counsel a declaration acknowledging that Plaintiffs' retained experts' and consultants' have signed Exhibit "B" declaring that they have complied with the Protective Order.

15.    This Protective Order shall not preclude the parties from exercising any rights or raising any objections otherwise available to them under the laws of the State of Colorado, including but not limited to the rules of discovery and the rules of evidence, at any time including at the time of trial.

16.    This Protective Order may not be waived, modified, abandoned or terminated, in whole or in part, except by an instrument in writing signed by the parties.  If any provision

of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

17.     The inadvertent production of Confidential Information in the course of discovery in this action of any document or information (whether designated as Confidential or not) shall not be deemed to waive whatever privilege that would otherwise attach to the document or information produced or to other documents or information, as long as the producing party promptly, after discovery of the inadvertent production, notifies the other party or parties of the claim of privilege or other protection or immunity.  Upon such notice, the other party or parties shall promptly destroy all copies of the documents or information referred to and notify the producing party or person that it has done so.  Such destruction and notice shall not constitute an acknowledgement that the claimed document or information is in fact privileged or entitled to protections or immunity.

18.     This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

AGREED AND ACCEPTED:

DATED: June 14, 2006                    s/Bryan D. Cross_____
                                        Edward C. Stewart, Esq.
                                        Bryan D. Cross, Esq.
                                        Benjamin W. Lieberman, Esq.
                                        Wheeler Trigg Kennedy LLP
                                        1801 California Street, Suite 3600
                                        Denver, Colorado 80202
                                        Telephone:     (303) 244-1800
                                        Facsimile:     (303) 244-1879
                                        stewart@wtklaw.com
                                        cross@wtklaw.com
                                        lieberman@wtklaw.com

                                        *Attorney for Defendant Ford Motor Company*

DATED:  May 24, 2006                    s/ Michael J. McNally(signature on file)
                                        Randolph Barnhart, Esq.
                                        Angela L. Ekker, Esq.
                                        Michael J. McNally, Esq.
                                        Barnhart, Ekker & McNally, LLP
                                        7887 E. Belleview, Suite 1200

Englewood, CO  80110
Telephone:  (303) 793-0700
Facsimile:  (303) 793-1950
rbarnhart@bemllp.com
aekker@bemllp.com
mmcnally@bemllp.com
*Attorney for Plaintiffs Abel Ontiveros and*
*Magdalena Ontiveros*


DATED:  May 25, 2006

s/ E. Scott Baroway (signature on file)
E. Scott Baroway, Esq.
333 W. Hampden Ave., Suite 415
Englewood, CO  80110
Telephone:  (303) 762-0444
barowaylaw@msn.com

*Attorney for Plaintiffs Abel Ontiveros and*
*Magdalena Ontiveros*


DATED:  June 13, 2006

s/ Geri O'Brien Williams (signature on file)
Geri O'Brien Williams, Esq.
Dworkin, Chambers & Williams, P.C.
3900 E. Mexico Avenue, Suite 1300
Denver, CO 80210
Telephone:  (303) 584-0990
Facsimile:  (303) 584-0994
gwilliams@dnvrlaw.com

*Attorney for Plaintiff Liberty Mutual Fire*
*Insurance*


DATED:  June 9, 2006

s/ Wesley W. Hoyt (signature on file)
Wesley W. Hoyt
333 W. Hampden Avenue, #710
Englewood, CO  80210
Telephone:  (303) 806-8886

*Attorney for Plaintiffs Juan Pineda, Gloria*
*Pineda, and Ismael Guzman*


DATED:  May 26, 2006

s/ Kenneth M. Platt (signature on file)
Kenneth M. Platt
822 – 7th Street, #740
Greeley, CO  80631

Telephone:  (970) 352-1397
Facsimile:  (970) 352-9585

*Attorney for Plaintiffs Juan Pineda, Gloria
Pineda, and Ismael Guzman*

IT IS SO ORDERED.

Dated at Denver, Colorado, this 19th day of June, 2006.

BY THE COURT:

 s/ Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

**EXHIBIT A**

Agreement Concerning Confidential Information Covered By
A Protective Order Entered In The
United States District Court, District of Colorado

I, the undersigned, acknowledge that I have read the Protective Order entered in the United States District Court, District of Colorado, *Abel Ontiveros, Magdalena Ontiveros, Juan Pineda, Gloria Pineda, Ismael Guzman, and Liberty Mutual Fire Insurance Company, as subrogee for Abel Ontiveros, Juan F. Pineda, and Ismael Guzman v. Ford Motor Company*, Case No. 1:06-CV-00190-EWN-MEH, understand the terms thereof, and agree to be bound by such terms, and to be subject to the jurisdiction of this Court for enforcement of all terms of the Protective Order and for judicial action for any violation of the Protective Order. I will use the materials subject to this Protective Order solely for purposes of this litigation in accordance with such Protective Order and agree to fully cooperate with respect to the protection of such materials in accordance with the terms of this Protective Order.

Dated this _____ day of _____, 2006.

_____
Name

_____
Signature

_____
Address

**EXHIBIT B**

Agreement Concerning Confidential Information Covered By
A Protective Order Entered In The
United States District Court, District of Colorado

I, the undersigned, have been provided copies of, or access to, Confidential Information produced pursuant to a Protective Order in the above-captioned action and attest to the following facts:

1.      I have read and complied with all the provisions of the Protective Order regarding the Confidential Information.

2.      In formulating my opinions or in preparing for trial in the above-captioned action, I have provided the following individuals copies or access to the Confidential Information:

_____

_____

_____

3.      The individuals listed in Paragraph 2 are the only individuals to whom I provided copies of, or access to, the Confidential Information.

4.      Before providing the individual listed in Paragraph 2 copies of, or access to, the Confidential Information, I required said individuals to read a copy of the Protective Order and they executed the Agreement annexed thereto as Exhibit "A" to the Protective Order.

5.      The individuals listed in Paragraph 2 have returned all copies of documents containing Confidential Information and have executed declarations stating that they have complied with the terms of the Protective Order.

6.     I have made no other copies of the Confidential Information provided pursuant to the Protective Order, other than that which has been returned.

7.     With this Declaration I have returned all copies of Confidential Information provided to me pursuant to the Protective Order in the above-captioned action and have returned all declarations of those individuals to whom I provided copies of, or access to, the Confidential Information.

8.     After submitting this Declaration and the attached Confidential Information to counsel by whom I have been retained and pursuant to the requirements set forth in the Protective Order, I will not have any copies of documents containing any Confidential Information.

9.     I have otherwise complied with all the terms of the Protective Order covering Confidential Information produced in the above-captioned action.

I declare under penalty of perjury under the laws of the State of Colorado that the foregoing is true and correct.

Dated this _____ day of _____, 2006.

_____
Name

_____
Signature

415022v1